# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| DEWAYNE D. WILLIAMS | : | DOCKET NO. 2:07-cv-1894 |
| --- | --- | --- |
| VS. | : | JUDGE MINALDI |
| J.P. YOUNG | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of habeas corpus filed on November 8, 2007 by pro se petitioner DeWayne Williams pursuant to 28 U.S.C. § 2241. By this petition, petitioner challenges both the computation and imposition of his sentence. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## I.

On March 7, 1997, petitioner was sentenced to a 168-month term of imprisonment in the U.S. District Court, Middle District of Louisiana, for Conspiracy to Commit Bank Robbery and Bank Robbery. On June 9, 1997, petitioner was sentenced to 14 years on Armed Robbery charges in the state of Louisiana's 19th Judicial District Court (JDC). These sentences were ordered to run concurrently. The U.S. Marshals Service, Middle District of Louisiana, lodged a detainer against petitioner with the Louisiana Department of Corrections (LDOC), asking the LDOC to request Federal designation upon notice from State authorities that petitioner would

be released from State custody.  On June 4, 2003, Harrison County Sheriff's Department, Gulfport, Mississippi, sent a detainer request to the LaSalle Parish Sheriff's Office asking that agency to pick-up petitioner for the Harrison County Sheriff's Department and to notify same when petitioner was clear on all local charges and was ready for pick-up.  Thereafter, on June 27, 2003, petitioner was transferred to a county in Mississippi pursuant to its detainer for an outstanding warrant.  The charges against petitioner were dropped the same day and he was erroneously released from custody rather than returned to the U.S. Marshals for service of his federal sentence.  Petitioner states that he reported to the Louisiana Probation and Parole Office in Baton Rouge as ordered by the LDOC to serve the remainder of his 14 year state sentence on mandatory supervised release.  Petitioner was re-arrested by the U.S. Marshals on June 8, 2004.

As a result of the above, petitioner claims that the district court erred in failing to follow commentary to U.S.S.G.§ 5G1.3(b) Application Note 2, by not reducing his federal sentence by the amount of time he spent in state custody prior to his federal sentencing.  Petitioner states that he spent 163 days of state qualified pre-sentence custody but that FCC Oakdale determined that only 69 days of the 163 days jail credit could be credited towards his federal sentence by the BOP.  He contends that the district court should have granted 94 days additional jail credit toward his federal sentence.  In regard to this claim, petitioner requests that his federal sentence of 168 months be reduced by 94 days.

Petitioner also claims that his due process rights under the Fourteenth Amendment have been violated due to the BOP's refusal to credit towards the remainder of his federal sentence the time that he spent at liberty after being erroneously released from state custody prior to the expiration of his federal sentence.  As a result, he maintains that he has been denied his right to

accrued calendar time. Petitioner also states that his release from the LDOC was not a result of any wrong doing on his part and that the BOP has artificially extended his federal sentence forcing him to serve it in installments.

On April 22, 2007, petitioner filed a request for administrative remedy (ARP) concerning the above issues. His ARP was denied, with the warden at Oakdale noting (and explaining the calculation method used) that petitioner was given 69 days of jail credit applied to his federal sentence. It was also noted that he could not receive credit for the time at liberty as he could not receive credit for time not spent in custody. Petitioner appealed the decision to the Regional Director on May 25, 2007. The appeal was denied on August 8, 2007. The Regional Director noted that petitioner had been granted 69 days of pre-sentence credits and that his federal sentence had been accurately computed. Petitioner filed an appeal of this denial to the Administrative Remedy Section of the Bureau of Prisons. This appeal was denied on October 12, 2007. The basis for the denial was that from the date of his erroneous release (June 27, 2003) to the date of his re-arrest (June 8, 2004), he was no longer in official detention as defined in 18 U.S.C.§ 3585 and Program Statement 5880.28, <u>Sentence Computation Manual</u> of 1984, page 1-28. Thus, his federal sentence was stopped on June 28, 2003 and resumed upon his re-arrest on June 8, 2004, making his sentence computation and release date correct based on statute and Program Statement 5880.28. Petitioner then filed this Petition for Writ of Habeas Corpus on November 8, 2007.

## II.

Petitioner contends he is entitled to habeas corpus relief under two separate and distinct theories. Under Ground One, he argues that he is entitled to relief because of errors committed by the district court in failing to follow commentary to U.S.S.G.§ 5G1.3(b) Application Note 2, by not reducing his federal sentence by the amount of time he spent in state custody prior to his federal sentencing that would not be credited towards his federal sentence by the Bureau of Prisons (BOP). Under Ground Two, he implies that the BOP has erroneously refused to credit towards the remainder of his federal sentence the time that he spent at liberty after being erroneously released from state custody prior to the expiration of his federal sentence.

### A.

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the execution of a sentence. *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). On the other hand, a Motion to Vacate Sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality, or "factual correctness" of their convictions or sentences. *Id.* ("To the extent that Warren is challenging the factual correctness of the sentence enhancement, he has chosen the wrong mechanism for collateral attack. Section 2255 provides the primary means of collateral attack of a federal sentence. Section 2241, on the other hand, is the proper habeas remedy for challenging the execution of a sentence." (citing *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990))).

With respect to Ground One, petitioner attacks the legality, or "factual correctness" of the sentence imposed by the trial judge. Section 2241 "may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates

of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

A prisoner seeking relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. Such petitioners bear the burden of demonstrating that the §2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective. *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense. He has also failed to show that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first Motion to Vacate. Therefore, Ground One of the instant petition for writ of habeas corpus must be dismissed with prejudice for lack of jurisdiction.

Petitioner is instructed that his allegation that the federal district judge for the Middle District of Louisiana failed to properly calculate his sentence should be made by a § 2255 Motion to Vacate Sentence in the Middle District of Louisiana, where the sentencing occurred. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *see Warren*, 230 F.3d at 694; *Cox*, 911 F.2d at 1113.

Petitioner should keep in mind, however, that once a 28 U.S.C. § 2255 motion is filed with the proper court, the statute limits a Petitioner's ability to file second or successive Motions under the statute. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."); *see Castro v. U.S.*, 540 U.S. 375, 383 (2003).

**B.**

In Ground Two, petitioner attacks the manner in which his sentence is being executed. He argues that the BOP erroneously refused to credit toward the remainder of his federal

sentence the time that he spent at liberty after being erroneously released from state custody prior to the expiration of his federal sentence.

Petitioner is not entitled to the relief he seeks. In the factually similar case of *Leggett v. Fleming*, 380 F.3d 232, 235 (5th Cir. 2004), the Fifth Circuit addressed a request from an inmate for time spent at liberty after being erroneously released by state authorities. In that case, Leggett was freed from state prison despite a pending federal sentence from July 1998 until March 1999, when he was arrested again on a fugitive warrant for violating his parole. *Id.* at 234. He was subsequently re-released in 2000 until September 11, 2001, when he began his sentence in federal prison. *Id.* Leggett filed a habeas petition under 28 U.S.C. § 2241 arguing that he was inappropriately denied by the Bureau of Prisons credit for the time spent at liberty from July 1998 to September 2001. *Id.* The District Court denied him that credit, and the Fifth Circuit affirmed. *Id.*

The Fifth Circuit held that "a prisoner is not entitled to a credit when there is merely a delay in the execution of one's sentence." *Id.* at 235 (citing *U.S. ex rel. Mayer v. Loisel*, 25 F.2d 300, 301 (5th Cir. 1928); *Scott v. U.S.*, 434 F.2d 11, 23 (5th Cir. 1970)). "This Court holds that the mere lapse of time that occurred here [27 months], without petitioner undergoing any actual imprisonment to which he was sentenced . . . does not constitute service of that sentence, and this sentence remains subject to be executed, notwithstanding the delay in executing it."

Although Petitioner could argue that *Leggett* is distinguishable because in his case, he was concurrently serving his federal sentence when he was erroneously released from custody, while Mr. Leggett was released from custody prior to beginning his federal sentence, the Fifth Circuit, in Leggett, held that it is a different characteristic that is determinative. The Court held

that the major consideration is who made the error.  According to the court, "the errors of state officials should not impact a prisoner's service of his federal sentence."  *Id.* at 235.  In applying this reasoning to the *Leggett* case, the court held,

> Here, the Marshals Service did not act erroneously in awaiting notice from the Texas prison system after filing a retainer asking the state authorities to notify them upon Leggett's release.  Where there is no evidence that the governmental authority seeking to enforce the prisoner's sentence has erred, a prisoner should not be allowed to avoid service of that sentence.  Therefore, we conclude that Leggett is not entitled to a credit against his federal sentence for the time prior to the commencement of his sentence on September 11, 2001."

*Id.* at 235-36.

In the instant case, as in *Leggett*, state authorities erroneously released Petitioner.  Thus, according to *Leggett*, Ground Two of the instant petition for writ of habeas corpus must be dismissed.  *Id.*  at 235-36; *accord Vega v. United States*, 493 F.3d 310, 320 (3d Cir. 2007) ("However, the question that remains is whether . . . negligence on the part of any sovereign [is] sufficient, or must the negligence rest with the imprisoning sovereign? . . .  We join our colleagues on the Fifth Circuit in holding that the imprisoning sovereign must be negligent.")

For the reasons discussed above,

IT IS RECOMMENDED that this petition be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court.  Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS**

**AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of August, 2008.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE